UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US, LLC,<br><br>　　　　　Defendant. | No. 2:25-cv-01450-DAD-CKD<br><br><br>SCHEDULING ORDER |

　　　　Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court has reviewed the parties' joint status report (Doc. No. 5) and has determined that the court need not "consult[] with the parties' attorneys and any unrepresented parties at a scheduling conference," before issuing a scheduling order in this case. Fed. R. Civ. P. 16(b)(1)(B). Accordingly, the court vacates the initial scheduling conference set for September 22, 2025 and hereby issues this scheduling order.

I.　　SERVICE OF PROCESS

　　　　The named defendant has been served as required by Federal Rule of Civil Procedure 4. No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.　　JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS

　　　　The parties do not anticipate the joinder of additional parties or amendment of the pleadings.

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992). The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16 (b)(4); *see also Johnson*, 975 F. 2d at 609. Moreover, any amendment requested under Federal Rule of Civil Procedure 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

III.   DISCOVERY PROCEDURES

Discovery matters that do not implicate the schedule of the case or that do not relate to sealing or redaction of documents related to dispositive motions are referred to the assigned United States Magistrate Judge, who will hear all discovery disputes subject to his or her procedures. (The assigned magistrate judge's initials follow the district judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Do not direct delivery of courtesy copies of these documents to the district judge. Counsel are directed to contact the magistrate judge's courtroom deputy clerk to schedule discovery matters for hearing.

All motions to compel discovery must be noticed on the assigned magistrate judge's calendar in accordance with the local rules of this court and the magistrate judge's own procedures. The written ruling of the assigned magistrate judge shall be final, subject to modification by the district court only where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Pursuant to Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." *See* L.R. 303(c). The requesting party must file and serve any such request within fourteen (14) days of service of a written ruling. L.R. 303(b). The request must specify which portions of the ruling are clearly erroneous or contrary to law and the basis for that contention with supporting points and authorities. L.R. 303(c).

/////

2

In addition, the assigned magistrate judge reviews proposed discovery phase protective orders sought by the parties pursuant to Local Rule 141.1. However, requests to seal or redact in connection with dispositive motions or trial are decided by Judge Drozd and any such requests must comply with Judge Drozd's Standing Order and Local Rules 140 and 141.

IV.     DISCOVERY DEADLINES

**A.     Rule 26(a) Initial Disclosures**

The parties shall serve their initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) no later than 14 days after the date of entry of this scheduling order. Fed. R. Civ. P. 26(a)(1)(C).

Any parties served or joined after the issuance of this scheduling order shall "make the initial disclosures within 30 days after being served or joined," as provided by Rule 26(a)(1)(D).

**B.     Fact Discovery**

All fact discovery shall be completed[1] no later than **August 14, 2026**, which is a date proposed by the parties.

Plaintiff requests that the court, as part of this scheduling order, require defendant to meet and confer with plaintiff regarding the identity of the databases which may have responsive electronically stored information ("ESI") and the appropriate search terms that may be used to search for responsive material. (Doc. No. 5 at 5–7.) Ordinarily, Federal Rule of Civil Procedure 34 allows a party requesting production of ESI to specify the form in which it is produced and that alternatively the producing party "must produce the documents in the form in which they are 'ordinarily maintained or in a reasonably usable form.'" *Delux Pub. Charter, LLC v. County of Orange*, No. 8:20-cv-02344-JLS-KES, 2021 WL 4460333, at *4 (C.D. Cal. Aug. 2, 2021). Plaintiff supports his request by citing to the "Guidelines for Discovery of ESI" used in the

---

[1] As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. The parties are advised that motions to compel must be filed in advance of the discovery completion deadlines so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

1   Northern District of California. (Doc. No. 5 at 7.) However, neither the Local Rules for the
2   Eastern District of California nor the Federal Rules of Civil Procedure place a requirement on the
3   search methodology used to find responsive information. The court also observes that there are
4   other available methods for determining what search methodology to use, such as permitting the
5   responding party to determine its own procedures and methodologies in this regard as the party
6   best situated to evaluate their efficacy. *See NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-cv-
7   00347-CAB-MDD, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) ("That is discovery: a party
8   requests information and the burden is on the producing party to locate and produce it or object
9   legitimately to production."). Plaintiff does not provide reasoning or authority as to why his
10  preferred methodology for identifying responsive ESI should be adopted over an alternative
11  procedure. Accordingly, the court will decline to adopt plaintiff's proposal modifying the
12  governing provisions of the Federal Rules of Civil Procedure with respect to the search
13  methodology required for ESI.
14      Defendant requests that discovery be phased such that the first phase of discovery be
15  limited in scope to the vehicle which is the subject of this action. (Doc. No. 5 at 9.) Defendant
16  provides no reasoning or authority as to why phased discovery would be appropriate in this case.
17  Accordingly, the court will decline to modify the governing provisions of the Federal Rules of
18  Civil Procedure with respect to the timeline on which materials are discoverable.
19      Defendant proposes that the number of interrogatories be presumptively limited to 25 as
20  set forth by Federal Rule of Civil Procedure 33(a)(1), unless the party requesting an enlargement
21  can satisfy the requirements set forth in Federal Rule of Civil Procedure 26(b). (*Id.*) Insofar as
22  defendant is requesting that the court does not modify the Federal Rules of Civil Procedure, the
23  court adopts defendant's proposal.
24      Defendant proposes that the number of requests for production for each party be limited
25  to 50 and that the number of requests for admission for each party be limited to 20. (*Id.* at 9.)
26  Defendant provides no authority or reasoning to support this request. Accordingly, the court will
27  decline to adopt defendant's proposed modifications to the governing provisions of the Federal
28  /////

4

Rules of Civil Procedure with respect to the limits on the numbers of requests for production and requests for admission which can be made.

Defendant proposes that depositions may only be taken of the parties, experts, and fact witnesses. (*Id.* at 9.) Federal Rule of Civil Procedure 30(a)(1) states that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30. Defendant provides no authority or reasoning to support its request. Accordingly, the court will decline to adopt defendant's proposed modification to the governing provisions of the Federal Rules of Civil Procedure with respect to the individuals who may be deposed.

Defendant also proposes that plaintiff be limited to one deposition of defendant's corporate representative limited to seven hours. (*Id.*) It further requests that the corporate representative deposition be limited to only seven topics. (*Id.*) Defendant also provides no authority or reasoning to support its request. Accordingly, the court will decline to adopt defendant's proposed modification to the governing provisions of the Federal Rules of Civil Procedure with respect to how and of whom plaintiff may conduct her depositions.

Defendant next proposes that, when a party objects to a notice of deposition, the objecting party need not file a motion for protective order if written objections are asserted. (*Id.* at 10.) Defendant provides no authority or reasoning to support this request. Accordingly, the court will decline to adopt defendant's proposed modification to the governing provisions of the Federal Rules of Civil Procedure with respect to the method by which a party may object to a notice of deposition.

Defendant proposes that custodians of records be limited to two key custodians per side. (*Id.*) Defendant provides no authority or reasoning to support this request. Accordingly, the court will decline to adopt defendant's proposed modification to the governing provisions of the Federal Rules of Civil Procedure with respect to how many custodians of records can be identified by each party.

Defendant proposes that depositions of expert and non-party fact witnesses be limited to a single day and a maximum of seven hours. (*Id.*) The court is uncertain whether defendant is

1 proposing removing the ability for parties to seek to enlarge the time for a deposition pursuant to
2 Federal Rules of Civil Procedure 26(b) and 30(d)(1). Fed. R. Civ. P. 26, 30. Construing this
3 proposal as one to so amend the Federal Rules of Civil Procedure, defendant offers no reasoning
4 or authority to justify its request. Accordingly, the court will decline to adopt defendant's
5 proposed modification to the governing provisions of the Federal Rules of Civil Procedure with
6 respect to the ability of a party to seek to enlarge the limits on deposition length.

        **C.     Expert Discovery**

8 Disclosures of expert witnesses, if any, must be made pursuant to Federal Rule of Civil
9 Procedure 26(a)(2)(A), (B) and (C), and shall include all information required thereunder. Each
10 expert witness must be fully prepared to be examined on all subjects and opinions included in the
11 disclosures. Failure to comply with these requirements may result in the imposition of
12 appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence
13 offered through the expert.

14 The parties shall disclose initial experts and produce reports in accordance with Federal
15 Rule of Civil Procedure 26(a)(2) by no later than **August 28, 2026**, which is a date proposed by
16 the parties. With regard to expert testimony intended solely for rebuttal, those experts shall be
17 disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or
18 before **September 10, 2026**, which is a date proposed by the parties.

19 All expert discovery shall be completed no later than **October 2, 2026**, which is a date
20 proposed by the parties.

21 V.    MOTIONS

22 All motions, except motions for continuances, temporary restraining orders, or other
23 emergency applications, shall be filed on or before **November 16, 2026** and shall be noticed for
24 hearing before Judge Drozd on a date not more than 60 days from the date the motion is filed and
25 on a date that is consistent with Judge Drozd's Standing Order. Counsel are directed to refer to
26 the local rules regarding the requirements for noticing and opposing such motions on the court's
27 regularly scheduled law and motion calendar.
28 /////

Prior to filing a motion for summary judgment or motion for partial summary judgment (summary adjudication), the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties.** The moving party is responsible for filing the joint statement concurrently with the motion. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or provide a statement of good cause for the failure to do so.

VI.     SETTLEMENT CONFERENCE

The undersigned requires parties to participate in a court-supervised settlement conference with a settlement judge before the action may proceed to trial. A settlement conference has not been set at this time. At any time before the final pretrial conference, the parties may file a joint request that this action be referred to a settlement judge for the setting of a settlement conference. If the parties have not participated in a court-supervised settlement conference by the time of the final pretrial conference, the court will refer the action at that time to the assigned magistrate judge for the setting of a settlement conference. The parties shall contact the designated settlement conference judge's chambers to ascertain that judge's settlement conference procedures, including the procedure for submitting confidential settlement statements, which shall not be filed and will not otherwise be disclosed to the trial judge.

Unless otherwise permitted in advance by the court, the attorneys who will try the case shall appear at the settlement conference. Pertinent evidence to be offered at trial, documents or otherwise, should be brought to the settlement conference for presentation to the settlement judge. Of course, neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

Absent permission from the court, in addition to counsel who will try the case being present, <u>the individual parties shall also be present</u>, and in the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with <u>unrestricted authority</u> to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer

7

1  shall also be present. If for any reason the representative with unlimited authority cannot attend,
2  such a person must be available by phone or video throughout the conference. In other words,
3  having settlement authority "up to a certain amount" is not acceptable.

4  VII.    FINAL PRETRIAL CONFERENCE

5        The final pretrial conference is set for **April 26, 2027 at 1:30 p.m.** before District Court
6  Judge Dale A. Drozd by Zoom. Parties will receive a Zoom ID number and password for the
7  final pretrial conference by email from Judge Drozd's Courtroom Deputy Pete Buzo
8  (PBuzo@caed.uscourts.gov). Any other interested parties or members of the public may access
9  the conference telephonically by dialing 669−254−5858 and using access code 125984, at the
10 time of the conference. Because several matters may be set for the same afternoon, the parties
11 will be notified in advance of the conference at what specific time the court anticipates calling
12 their case so they can join the Zoom at that time.

13       The parties are directed to file a **joint** pretrial statement, carefully prepared and executed
14 by all counsel, that complies with the requirements of this Local Rule 281 and Judge Drozd's
15 Standing Order. Counsel shall also email a copy of the joint pretrial statement in Word format to
16 Judge Drozd's chambers at dadorders@caed.uscourts.gov.

17       The parties' attention is directed to Local Rules 281 and 282. This court will insist upon
18 strict compliance with these rules. At the pretrial conference, the court will set deadlines to file
19 trial documents, including motions *in limine*, trial briefs, and proposed jury *voir dire*, instructions,
20 and verdict forms (where applicable).

21 VIII.   JURY TRIAL

22       A jury trial is set for **June 29, 2027 at 9:00 a.m.** in Courtroom 4 before District Court
23 Judge Dale A. Drozd. Trial is anticipated to last 5–7 court days.

24 IX.     REQUEST FOR BIFURCATION, APPOINTMENT OF SPECIAL MASTER, OR
25         OTHER TECHNIQUES TO SHORTEN TRIAL

26       The parties have not made any such requests at this time and do not anticipate any such
27 requests.

28 /////

1  X.    RELATED MATTERS PENDING

2       The parties have not alerted the court to any related litigation.

3  XI.   OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER

4       **This case schedule will become final without further order of the court unless objections are filed within fourteen (14) days of the entry of this order.** The schedule, once final, shall not be modified except by leave of court upon showing of good cause. The assigned magistrate judge is authorized to modify only the discovery dates to the extent any such modification does not impact the balance of the schedule of the case.

9       The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them. Agreement of the parties by stipulation alone does not constitute good cause. Any request or stipulation to modify this scheduling order must set forth:

   (1)  the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;
   (2)  whether there have been prior requests for extensions, and whether these were granted or denied by the court; and
   (3)  specific, concrete reasons supporting good cause for granting of the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, i.e., have written proposals been exchanged; is counsel in the process of reviewing a draft settlement agreement; has a mediator been selected.

   IT IS SO ORDERED.

   Dated:  **September 18, 2025**                    /s/ Dale A. Drozd
                                                      DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE