UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JACKSON,

          Plaintiff,

    v.

FCA US, LLC,

          Defendant.

No. 2:25-cv-01450-DAD-CKD

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS IN PART

(Doc. No. 8)

This matter is before the court on defendant's motion for judgment on the pleadings. (Doc. No. 8.) On November 4, 2025, the motion was taken under submission on the papers. (Doc. No. 14.) For the reasons explained below, the court will grant defendant's motion in part.

**BACKGROUND**

On January 22, 2025, plaintiff filed his original complaint in the Sacramento County Superior Court initiating this civil action. (Doc. No. 1-1 at 2.) On May 23, 2025, defendant removed the action to this federal court. (Doc. No. 1.) In his complaint, plaintiff alleges as follows.

On March 8, 2023, plaintiff purchased a certified pre-owned 2021 Chrysler 300 and entered into a warranty contract with defendant manufacturer. (Doc. No. 1-1 at 3.) Plaintiff's car is equipped with a 3.6L engine which has one or more defects that can cause loss of power, stalling, engine failure, and vehicle fires. (*Id.* at 4–5.) Plaintiff was not informed of these defects

1

at the time of purchase.  (*Id.* at 5.)  Defendant was aware prior to sale from testing data, aggregate warranty and repair data, and consumer complaints that this engine model suffered from the purported defects.  (*Id.*)  The defect has rendered plaintiff's car valueless.  (*Id.* at 4.)

Based on these allegations, plaintiff brings the following six claims in his original complaint:  (1) failure to service or repair in violation of the Song-Beverly Act, California Civil Code § 1793.2(d); (2) failure to commence repairs within a reasonable time in violation of the Song-Beverly Act, California Civil Code § 1793.2(b); (3) failure to make available sufficient replacement parts and service literature to effect repairs in violation of the Song-Beverly Act, California Civil Code § 1793.2(a)(3); (4) breach of the implied warranty of merchantability in violation of California Civil Code §§ 1791.1, *et seq.*; (5) negligent repair against former defendant Sacramento LLC d/b/a Chrysler Dodge Jeep Ram of Sacramento;[1] and (6) fraudulent concealment.  (*Id.* at 8–13.)

On October 8, 2025, defendant filed its motion for judgment on the pleadings.  (Doc. No. 8.)  On October 22, 2025, plaintiff filed his opposition and on October 31, 2025, defendant filed its reply.  (Doc. Nos. 12, 13.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that:  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings[.]"  *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008).

The same legal standards governing a Rule 12(b)(6) motion are applicable to a motion brought under Rule 12(c).  *See Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  *Marshall Naify Revocable Tr. V. United States*, 672 F.3d 620, 623 (9th Cir.

---

[1]  On May 1, 2025, plaintiff voluntarily dismissed this claim and defendant.  (Doc. Nos. 1 at 2; 1-1 at 188–89.)

2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (stating that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

**DISCUSSION**

**A.    Express Warranty Song-Beverly Act Claims (Claims One, Two, and Three)**

Defendant moves for judgment on the pleadings as to plaintiff's first three claims brought pursuant to the express warranty provisions of the Song-Beverly Act. (Doc. No. 8 at 12–13.) Defendant argues that plaintiff purchased a pre-owned vehicle and not a "new motor vehicle" as required to state an express warranty claim under the Song-Beverly Act. (*Id.*) Plaintiff argues that, because his vehicle received a certified pre-owned warranty at the time of sale, the vehicle is a "new motor vehicle" within the meaning of the Song-Beverly Act. (Doc. No. 12 at 11–13.) Plaintiff alternatively argues that, even if his vehicle is not a "new motor vehicle," his claims brought pursuant to California Civil Code §§ 1793.2(b) (Claim 2) & 1793.2(a)(3) (Claim 3) should not be dismissed because those provisions do not require allegations that his car is a "new motor vehicle." (Doc. Nos. 1-1 at 9–10; 12 at 13.)

"The Song-Beverly Consumer Warranty Act provides buyers of new motor vehicles with specific remedies when a vehicle turns out to be defective." *Rodriguez v. FCA US LLC*, 17 Cal. 5th 189, 195 (2024). "The SBA's 'refund-or-replace' express warranty provisions at issue only apply to 'new motor vehicles.'" *Alves v. Mercedes-Benz USA, LLC*, No. 23-cv-03049-MWF-RAO, 2023 WL 5207492, at *4 (C.D. Cal. July 10, 2023) (quoting Cal. Civ. Code § 1793.2(d)(2)). California Civil Code § 1793.22 "makes clear that certain used cars—'a dealer-owned vehicle and a "demonstrator" or other motor vehicle sold with a manufacturer's new car

warranty'—qualify as 'new motor vehicles' for purposes of the statute." *Rodriguez*, 17 Cal. 5th at 198.  Nevertheless, "a motor vehicle purchased with an unexpired manufacturer's new car warranty does not qualify as a 'motor vehicle sold with a manufacturer's new car warranty' under [§] 1793.22[(e)(2)]'s definition of 'new motor vehicle' unless the new car warranty was issued with the sale." *Id.* at 196.

Plaintiff alleges that he purchased a certified pre-owned 2021 Chrysler 300.  (Doc. No. 1-1 at 3–4.)  Plaintiff also contends that the new certified pre-owned ("CPO") warranty that issued with his vehicle constitutes a new car warranty.  (Doc. No. 12 at 11–13.)  Plaintiffs cite no authority for this proposition and the court has not identified any.  However, the court has identified several persuasive orders in which district courts have held that a CPO warranty is not a "new car warranty" within the meaning of the Song-Beverly Act.  *Crescencio v. Ford Motor Co.*, 811 F. Supp. 3d 1132, 1137 (C.D. Cal. 2025) ("The parties' dispute thus narrows to a single legal question:  Does a manufacturer's 'Certified Pre-Owned' warranty, issued at the time of the sale of a used car, qualify as a manufacturer's 'new car warranty' under Civil Code [§] 1793.22(e)(2) as interpreted in *Rodriguez*[]?  The Court concludes that it does not."); *see also Alves v. Mercedes-Benz USA, LLC*, No. 23-cv-03049-MWF-RAO, 2023 WL 5207492, at *6 (C.D. Cal. July 10, 2023) ("[T]o allege [Song-Beverly Act] claims under the 'new motor vehicle' provisions, a plaintiff must allege that he or she purchased a vehicle that was 'not previously sold' to a consumer and was sold with 'full express warranties' in order to plead the purchase of a 'new motor vehicle.'"); *Chapman v. FCA US, LLC*, No. 2:25-cv-07336-SB-SK, 2026 WL 639804, at *2 (C.D. Cal. Feb. 27, 2026) (finding that the plaintiff's vehicle was not a "new motor vehicle" within the meaning of the Song-Beverly Act where it was pre-owned and a certified pre-owned warranty was issued); *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, No. 2:18-cv-00998-AB-FFM, 2025 WL 3691434, at *2 (C.D. Cal. Dec. 2, 2025) (declining to find that a CPO warranty renders a used vehicle "new" in the meaning of the Song-Beverly Act in light of persuasive state trial court authority).  In light of this weight of authority, this court concludes that plaintiff's allegation that he received a certified pre-owned warranty is not a

*/////*

4

sufficient basis upon which to assert that his vehicle was a "new motor vehicle" as required to state a claim pursuant to the Song-Beverly Act.

Plaintiff argues that his second and third claims, brought pursuant to California Civil Code §§ 1793.2(b), (a)(3) respectively, do not have the same "new motor vehicle" requirement and therefore should not be dismissed for that reason. (Doc. No. 12 at 13.) The district court's order in *Pirtle v. FCA US, LLC*, No. 2:25-cv-03257-JAK-MAR, 2025 WL 4058236, at *5 (C.D. Cal. Dec. 8, 2025) is instructive in this regard. There, the district court stated:

> Further, to the extent Plaintiffs argue that their claims under § 1793.2(a) and § 1793.2(b) should survive because those subsections do not specifically state that they apply only to "new" motor vehicles, it is unpersuasive. As stated, § 1793.2 of the Song-Beverly Act addresses "consumer goods," which is defined in § 1791(a) as "any *new* product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes." Thus, § 1793.2 provides enhanced protections to consumers purchasing new consumer goods accompanied by an express warranty. Although subsections (a) and (b) of § 1793.2 do not include the word "new," they either directly use or refer to the term "consumer goods," which includes "new" in its definition. Moreover, as stated in *Rodriguez*, the framework of the Song-Beverly Act distinguishes between "new and used products," with §§ 1792, 1793 addressing new products and § 1795.5 addressing used ones. Accordingly, for the same reasons the cause of action under subsection (d) of § 1793.2 fails as a matter of law, so do the causes of action under subsections (a) and (b) of § 1793.2.

*Id.* (emphasis in original) (internal citations omitted); *see also Malka v. Mercedes-Benz, LLC*, No. 2:23-cv-01877-CSK, 2024 WL 4804096, at *5 (E.D. Cal. Nov. 15, 2024) (granting motion for judgment on the pleadings as to claims brought pursuant to §§ 1793.2(a)(3), (b) because plaintiffs had not alleged that their vehicle was a "new motor vehicle"). The court therefore concludes that plaintiff must allege that he purchased a "new motor vehicle" to state a cognizable claim under subsections (a)(3) and (b) of § 1793.2.

Accordingly, the court will grant defendant's motion to dismiss plaintiff's first three claims brought pursuant to the Song-Beverly Act.

**B.      Breach of Implied Warranty (Claim 4)**

Defendant argues that plaintiff's breach of implied warranty claim fails because the implied warranty is limited to no more than three months from the date of sale and plaintiff

bought his vehicle on March 8, 2023, more than three months before the initiation of this action in state court. (Doc. No. 8 at 13–14.) Plaintiff argues that the alleged defect in his car's engine was an undiscovered latent defect and, accordingly, the time on his breach of implied warranty claim did not begin to run until he discovered that defect. (Doc. No. 12 at 13–14.)

"The implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale." *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1304 (2009). "Indeed, undisclosed latent defects are the very evil that the implied warranty of merchantability was designed to remedy." *Id.* at 1305. "A latent defect that is not discovered until after the expiration of the implied warranty does not bar recovery because that defect may have existed at the time of the sale." *Pirtle*, 2025 WL 4058236, at *6; *see also Chapman*, 2026 WL 639804, at *4 (finding that the Song-Beverly Act does not create a deadline for the discovery of a latent defect to state a claim for breach of implied warranty). Defendant argues in its reply that the analysis in *Mexia* does not govern because it interpreted a separate provision in the Song-Beverly Act and not the applicable provision found at California Civil Code § 1795.5(c). (Doc. No. 13 at 11–12.) However, "[a]lthough *Mexia* involved new goods governed by Cal. Civ. Code § 1791.1(c), rather than used goods under § 1795.5(c), the operative language of those provisions is identical, and FCA identifies no basis for concluding that *Mexia*'s latent-defect analysis would not apply here." *Chapman*, 2026 WL 639804, at *4; *see also Mexia*, 174 Cal. App. 4th at 1311 (describing the duration provision in relation to all the implied warranties under the Song-Beverly Act).

Plaintiff alleges also that his vehicle was equipped with a defective engine and that this engine defect can cause failure without warning while the vehicle is moving at highway speeds. (*Id.* at 12.) Moreover, plaintiff maintains that this defect was not disclosed when his car was sold to him. (*Id.* at 11.) Based on these allegations, the court rejects defendant's argument that plaintiff's breach of implied warranty claim is time barred because it is based on an alleged latent defect and was brought more than three months after the initial delivery of his vehicle. *Pirtle*, 2025 WL 4058236, at *6.

/////

6

Therefore, the court will deny defendant's motion for judgment on the pleadings with respect to plaintiff's fourth claim for breach of implied warranty.

### C.     Fraudulent Concealment (Claim 6)

Defendant next moves for judgment on the pleadings as to plaintiff's sixth claim for fraudulent concealment on the following grounds:  (1) plaintiff has not sufficiently alleged with the particularity required under California law the "who, what, when, where, and how" of the purported fraud; (2) defendant owed no duty of disclosure because plaintiff has not alleged a direct transactional relationship with plaintiff or the required exclusive knowledge of the purported defect; and (3) plaintiff's claim is barred by the economic loss doctrine.  (Doc. No. 8 at 14–22.)  The court will address defendant's duty of disclosure argument first and, because it will conclude that plaintiff has not sufficiently alleged facts establishing a duty to disclose, will decline to address the remaining arguments.

Under California law, "[t]he elements of fraud are:  (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004).  "[A] fraudulent omission claim requires proof that a defendant was aware of the defect at the time of sale to establish defendant had a duty to disclose." *Sloan v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2017 WL 3283998, at *5 (N.D. Cal. Aug. 1, 2017).  The Ninth Circuit has explained that, under California law, a failure to disclose a fact is actionable fraud where:  (1) defendant is the plaintiff's fiduciary; (2) defendant has exclusive knowledge of material facts not known or reasonably accessible to plaintiff; (3) defendant actively conceals a material fact from plaintiff; or (4) defendant makes partial representations that are misleading because some other material fact has not been disclosed. *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 862 (9th Cir. 2018) (citing *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249 (2011)).

Defendant first argues that it had no duty to disclose because it never entered a direct transactional relationship with plaintiff.  (Doc. No. 8 at 17–18.)  "A duty to disclose facts arises only when the parties are in a relationship that gives rise to the duty, such as seller and buyer,

7

employer and prospective employee, doctor and patient, or parties entering into any kind of contractual arrangement." *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 311 (2017) (cleaned up). Defendant's argument in this regard fails for two reasons. First, several district courts have rejected defendant's argument and concluded instead that a car manufacturer does owe a duty to disclose purported defects to both immediate and subsequent purchasers because a car manufacturer clearly has reason to expect that a car will be resold in the future. *See Balouch v. FCA US, LLC*, No. 8:25-cv-01209-FWS-KES, 2025 WL 4688270, at *4 (C.D. Cal. Dec. 23, 2025) (collecting cases discussing and rejecting defendant's argument on this point). Second, even supposing that defendant would not owe a duty to disclose to a plaintiff who purchased a pre-owned vehicle, "[c]ourts in this circuit have held that a warranty agreement establishes a transactional relationship giving rise to a duty to disclose." *Jimenez v. Gen. Motors, LLC*, No. 2:23-cv-06991-WLH-JPR, 2023 WL 6795274, at *4 (C.D. Cal. Oct. 13, 2023) (collecting cases); *see also Pirtle*, 2025 WL 4058236, at *11 (finding that the plaintiffs' allegation that they entered a warranty contract with defendant was sufficient to establish a direct transaction). Here, plaintiff alleges that he entered into a warranty contract with defendant with respect to the vehicle at issue. (Doc. No. 1-1 at 3.) This allegation is sufficient.

Defendant next argues that plaintiff has not sufficiently alleged that it possessed exclusive knowledge of the purported defect in plaintiff's vehicle. (Doc. No. 8 at 18–19.) Plaintiff argues that he has alleged that defendant knew of the engine defect based off of pre-sale testing and consumer complaints. (Doc. No. 12 at 15, 21–22.)

"Plaintiffs need not plead exclusive knowledge; it is generally sufficient to plead that defendants have superior knowledge, and that the information was not 'reasonably discoverable by the plaintiffs.'" *Flier v. FCA US LLC*, No. 21-cv-02553-CRB, 2022 WL 16823042, at *5 (N.D. Cal. Nov. 8, 2022) (citation omitted). Thus, "[e]xclusive knowledge is properly pleaded where a plaintiff alleges facts that show the defendants had superior knowledge." *Chillon v. Ford Motor Co.*, No. 22-cv-02111-DSF-AGR, 2022 WL 19569545, at *5–6 (C.D. Cal. Dec. 2, 2022) (citing *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1174 (C.D. Cal. 2010) ("Plaintiffs establish a duty to disclose

8

because they allege that Toyota has superior knowledge of the SUA defects")). "'[E]xclusive knowledge' . . . does not mean facts known only to [the defendant manufacturer]"; rather, "what is required [ ] is that [the defendant manufacturer] had knowledge of any putative defect *superior* to that of ordinary customers." *Zurba v. FCA US LLC*, No. 5:21-cv-01824-JLS-SHK, 2022 WL 17363073, at *5 (C.D. Cal. Nov. 10, 2022) (rejecting the defendant's argument that "a 'public' recall defeats any showing of [defendant's] superior knowledge sufficient to create a duty to disclose") (citing *Clenney v. FCA US LLC*, No. 22-cv-00547-VC, 2022 WL 2197074, at *4 (N.D. Cal. June 20, 2022) (rejecting a similar argument when the plaintiffs partially relied on publicly available materials to establish knowledge)). "[E]ven if the information was technically discoverable, 'the presence of the information from publicly available sources—for instance, online—does not automatically foreclose an exclusive-knowledge claim.'" *Crump v. FCA US LLC*, No. 5:22-cv-01266-MCS-SP, 2022 WL 19569517, at *3–4 (C.D. Cal. Oct. 31, 2022) (quoting *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1015 (N.D. Cal. 2020)).

Here, plaintiff's only allegations supporting defendant's knowledge of a purported defect are conclusory allegations that defendant was aware based on testing data, early consumer complaints, aggregate warranty data, repair data, and testing conducted in response to consumer complaints. (Doc. No. 1-1 at 5.) However, plaintiff does not allege what tests defendant conducted, what repair data it received, what warranty data it received, or the number and nature of consumer complaints, nor how any of this information would have caused defendant to know about the purported defect. These allegations are "speculative and do[] not suggest how any tests or information could have alerted [defendant] to the defect." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012); *see also Pirtle*, 2025 WL 4058236, at *11 (finding the complaint deficient due to plaintiff's failure to allege how testing could have alerted the defendant to the existence of a defect or what number of complaints the defendant had received at the time of sale); *Menese v. FCA US LLC*, No. 2:25-cv-01002-HDV-KS, 2025 WL 2994998, at *4 (C.D. Cal. Oct. 3, 2025) ("[The complaint] does not identify the nature of any pre- or post-production tests or what they might have revealed."); *Soro v. FCA US, LLC*, No. 25-cv-02200-GPC-SBC, 2026 WL 473050, at *11 (S.D. Cal. Feb. 19, 2026) (finding that the plaintiff had not sufficiently

9

alleged exclusive knowledge based on testing, warranty, and repair data or consumer complaints where plaintiff did not allege what tests the defendant conducted or the number, date of receipt, and content of the alleged consumer complaints). Accordingly, the court concludes that here plaintiff has not sufficiently alleged the pre-sale knowledge required to establish that defendant had a duty to disclose.[2]

Therefore, the court will grant defendant's motion for judgment on the pleadings as to plaintiff's sixth claim for fraudulent concealment.

**D.      Leave to Amend**

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp*., 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ."). These same standards apply whether dismissal is in response to a motion for judgment on pleading brought pursuant to Rule 12(c) or a motion to dismiss bought under Rule 12(b)(6). *Pac. W. Grp., Inc. v. Real Time Sols., Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008).[3]

/////

---

[2] The court also observes that plaintiff's allegations regarding the nature of the purported defect are vague. Plaintiff has alleged that his vehicle is "equipped with the 3.6L engine" which has "one or more defects that can result loss of power, stalling, engine running rough, engine misfires, [or engine] failure. (Doc. No. 1-1 at 4–5.) Other courts have found nearly identical allegations insufficient to state a cognizable claim for fraudulent concealment. *Pirtle*, 2025 WL 4058236, at *12; *see also Meneses*, 2025 WL 2994998, at *3. Moreover, plaintiff does not allege that his vehicle suffered any of these symptoms of the defect. *See Soro*, 2026 WL 473050, at *11 (finding the plaintiff's allegations insufficient in part because she did not allege when she experienced issues with her vehicle or the nature of those issues). The court makes this observation to ensure that plaintiff can address these issues through an amended complaint.

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

Plaintiff requests leave to amend in the event that the court identifies any deficiencies in his complaint. (Doc. No. 12 at 25.) As explained above, plaintiff's first, second, and third claims pursuant to the Song-Beverly Act fail as a matter of law and the court finds that any amendment of those claims would be futile. However, as to plaintiff's fraudulent concealment claim, the court observes that several of the pleading deficiencies identified in this order may conceivably be cured by additional and more detailed allegations. Therefore, the court will grant plaintiff leave to amend that claim. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile.").

## CONCLUSION

For the reasons above,

1.    Defendant's motion for judgment on the pleadings (Doc. No. 8) is GRANTED in part as follows:

    a.    Plaintiff's first, second, and third claims brought pursuant to the Song-Beverly Act and sixth claim for fraudulent concealment are DISMISSED;

    b.    Defendant's motion is otherwise DENIED;

2.    Plaintiff is GRANTED leave to amend his sixth claim for fraudulent concealment to address the pleading deficiencies identified in this order;

3.    Plaintiff is otherwise DENIED leave to amend; and

4.    Plaintiff shall file his first amended complaint, or alternatively, a notice of his intent not to do so, within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **May 7, 2026**                  _____
                                    DALE A. DROZD
                                    UNITED STATES DISTRICT JUDGE

11